IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARLOS SOTO-OSORIO                          §
                                            §
                Plaintiff,                  §
                                            §
VS.                                         §
                                            §          NO. 3-12-CV-0894-P
JOHN MORTON, Director,                       §
U.S. Department of Immigration              §
and Customs Enforcement, ET AL.             §
                                            §
                Defendants.                 §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a purported civil rights action brought by Carlos Soto-Osorio, appearing *pro se*,

against federal immigration officials and other unspecified defendants. On March 26, 2012, plaintiff

paid a $350.00 filing fee and tendered a pleading notifying the court of his intent to file a civil rights

complaint sometime in the future. Because the pleading failed to comply with the requirements of

Fed. R. Civ. P. 8(a), plaintiff was provided with a form civil rights complaint. Plaintiff was warned

that the failure to file a complaint in proper form within 20 days would result in dismissal of his case.

*See* Order, 4/5/12. No corrective action was taken by plaintiff in response to that order. Instead,

plaintiff, through a "paralegal law researcher," sought an extension of time to file a complaint. The

court extended the deadline until May 15, 2012, and indicated that "[n]o further extensions will be

granted." *See* Order, 4/27/12. As of today, plaintiff still has not filed a complaint in proper form. The court therefore determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not filed a complaint that contains a "short and plain statement" of his claims and that identifies the parties he wishes to sue. *See* FED. R. CIV. P. 8(a). Plaintiff was twice notified of this deficiency and warned that the failure to file a complaint in proper form would result in the dismissal of his case. These orders have been ignored. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the court with the information necessary to screen his complaint. Under these circumstances, dismissal is clearly warranted. *See Ray v. Child*, No. 3-08-CV-1708-K, 2009 WL 80359 at *1 (N.D. Tex. Jan. 9, 2009) (dismissing *pro se* civil action without prejudice where plaintiff failed to comply with court order requiring him to file complaint in proper form).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE